# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1837

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Mark L. Reynolds, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 19, 2006
Filed: January 25, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Mark Reynolds appeals the district court's[1] order committing him to the custody of the Attorney General under 18 U.S.C. § 4246, and we affirm.

Section 4246 provides for the indefinite hospitalization of a person who has been committed to the custody of the Attorney General under 18 U.S.C. § 4241(d)

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

(concerning mental competency to stand trial) and who is found--after a hearing, by clear and convincing evidence--to be suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. See 18 U.S.C. § 4246. In this case, the district court found that commitment under section 4246 was appropriate because the experts who examined Reynolds unanimously believed he was suffering from a mental disease or defect such that he would continue to engage in threatening behavior if unconditionally released, based on Reynolds's delusions and past threatening behavior. We hold that this finding is not clearly erroneous. See United States v. Williams, 299 F.3d 673, 677 (8th Cir. 2002); United States v. Steil, 916 F.2d 485, 487-88 (8th Cir. 1990) (dangerousness finding reviewed for clear error; hallucinations, delusions, and threats enough to prove dangerousness even though individual had no history of violent behavior toward others); cf. United States v. S.A., 129 F.3d 995, 1001 (8th Cir. 1997) (where individual had violent past, rejecting argument that vastly improved recent behavior undermined dangerousness finding, and noting overt acts of violence were not required to demonstrate dangerousness), cert. denied, 523 U.S. 1011 (1998); United States v. Ecker, 30 F.3d 966, 970 (8th Cir.) (upholding § 4246 commitment even though individual had not behaved violently for over 10 years), cert. denied, 513 U.S. 1064 (1994).

In response to Reynolds's assertions in a pro se supplemental brief, we note that jurisdiction was proper in the Western District of Missouri, the district in which Reynolds is confined, see 18 U.S.C. § 4246(a); that he had a statutory, as opposed to a constitutional, right to counsel in his civil-commitment proceeding, see 18 U.S.C. § 4247(d); and that exculpatory evidence was not withheld from the district court.

Accordingly, the judgment of the district court is affirmed. We grant counsel's motion to withdraw, and deny Reynolds's motion for new counsel.

_____